## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

NELSON GARCIA,                                  :
                                                :          Civil Action No. 12-7680 JAP
                        Petitioner,             :
                                                :
        v.                                      :          **OPINION**
                                                :
CHARLES WARREN, et al.,                         :
                                                :
                        Respondents.            :
_____:

PISANO, U.S.D.J.

### I.        INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is challenging his 1998 conviction for first degree murder and third degree possession of a weapon for an unlawful purpose.  He was sentenced to life imprisonment with thirty-year parole ineligibility.  For the reasons that follow, it appears from review of the petition that his petition may be time-barred pursuant to 28 U.S.C. § 2244(d).[1] Accordingly, petitioner will be ordered to show cause why his habeas petition should not be dismissed as time-barred.

### II.       BACKGROUND

Petitioner was sentenced in the Superior Court of New Jersey, Ocean County on December 18, 1998.  (*See* Dkt. No. 1 at p. 2 ("Habeas Petition").)  Petitioner appealed, and the Superior Court of New Jersey, Appellate Division, affirmed the conviction on May 30, 2002. (*See id.* at p. 2-3.)  Petitioner's petition for certification to the New Jersey Supreme Court was

---

[1] While the statute of limitations is an affirmative defense, *see Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), a district court is permitted to consider the issue *sua sponte* but must accord petitioner fair notice and an opportunity to present his position on the time bar if the record shows that the petition is untimely.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006).

denied on September 25, 2002.  *See New Jersey v. Garcia*, ("*Garcia I*"), 174 N.J. 366, 807 A.2d

197 (2002).  Petitioner does not indicate that he filed a petition for writ of certiorari to the United

States Supreme Court on his direct appeal.

On June 21, 2005, petitioner filed a post-conviction relief petition in the New Jersey

Superior Court.  *See State v. Garcia*, ("*Garcia II*"), 2011 WL 691849, at *2 (N.J. Super. Ct. App.

Div. Mar. 1, 2011).[2]  The Superior Court denied relief on June 27, 2005 due to untimeliness.  *See*

*id*.  The matter was subsequently remanded back to the Superior Court by the Appellate

Division.  *See id*.  Thereafter, on March 7, 2008, the Superior Court again denied the post-

conviction relief petition on March 7, 2008 due to untimeliness.  *See id.* at *3.  On March 1,

2011, the New Jersey Superior Court, Appellate Division affirmed the denial.  *See id.* at *4.

Petitioner's petition for certification to the New Jersey Supreme Court was denied on September

9, 2011.  *See State v. Garcia*, ("*Garcia III*") 208 N.J. 337, 27 A.2d 950 (2011).

Petitioner filed his petition for writ of habeas corpus on November 27, 2012.[3]  After

being advised of his rights pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), petitioner

indicated that he wanted his petition to be ruled on as filed.  (*See* Dkt. No. 3.)

---

[2] This opinion uses the dates of petitioner's state court filings as stated by the New Jersey
Superior Court, Appellate Division on petitioner's post-conviction relief petition in *Garcia II*
when petitioner does not include them in the instant petition.  *See Southern Cross Overseas*
*Agencies v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 413 (3d Cir. 1999) (taking judicial
notice of a judicial opinion as a matter of public record and as a document on which plaintiff
relies on in the complaint).  Nevertheless, petitioner is free to contest these dates with proof to
the contrary in any response to the order to show cause.

[3] Pursuant to the prisoner "mailbox rule," petitioner's habeas petition is deemed filed on the date
he delivered it to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).
When the court is unable to determine the exact date that a prisoner handed his petition to a
prison official for mailing, it will look to the signed and dated certification of the petition.  *See*
*Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as
date he handed it to prison officials for mailing); *Maples v. Warren*, Civ. No. 12-933, 2012 WL
1344828, at *1 n. 2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine
the exact date that a petitioner handed his petition to prison officials for mailing, it will look to

### III.    STATUTE OF LIMITATIONS ANALYSIS

As previously stated, petitioner is a state prisoner proceeding with a habeas petition pursuant to 28 U.S.C. § 2254.  The statute of limitations period for the instant petition is set forth in 28 U.S.C. § 2244(d) which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, pursuant to the applicable statute of limitations provision, evaluating the timeliness of the instant petition first requires a determination of when petitioner's state court judgment became final.  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (noting that state supreme court's decision became final after ninety days because the time for seeking certiorari expired).

The statute of limitations is statutorily tolled during the time in which properly filed state post-conviction relief petition is pending.  *See* 28 U.S.C. § 2244(d)(2).  The Third Circuit has explained that:

> A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the

the signed and dated certification of the petition.").  In this case, petitioner signed and dated his petition on November 27, 2012.

applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Thus, if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must . . . determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006).

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85-86 (3d Cir. 2013). Furthermore, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, petitioner's state court judgment became final on December 24, 2002, or ninety days after the New Jersey Supreme Court denied certification on direct appeal. Accordingly, unless the statute of limitations is tolled, the applicable statute of limitations expired a year later in December 2003.

Petitioner did not file his post-conviction relief petition in the New Jersey Superior Court until June of 2005, well after the statute of limitations expired in December 2003. Thus, it appears that statutory tolling will not make the petition timely.[4] *See Long v. Wilson*, 393 F.3d

---

[4] Additionally, it is worth noting that petitioner filed the instant habeas petition more than one year after the New Jersey Supreme Court denied certification on petitioner's post-conviction relief petition. *See Stokes*, 247 F.3d at 542 (stating that the time for petitioner to seek certiorari from the United States Supreme Court on a post-conviction relief petition does not toll the statute of limitations). Thus, even if his statute of limitations was tolled through September 9, 2011, his November 27, 2012 federal habeas petition still appears to be untimely.

390, 394-95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

Before this Court dismisses the action as time-barred, petitioner will be given an opportunity to address the issue of the timeliness of his petition. *See Day*, 547 U.S. at 209-10 (holding that district courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition but must accord the parties fair notice and an opportunity to present their positions).

Petitioner may be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), *see also Jenkins*, 705 F.3d at 89. There are no bright lines in determining whether equitable tolling is warranted. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). In determining whether equitable tolling is appropriate, "the particular circumstances of each petitioner must be taken into account," *see id.*, and each decision made a case-by-case basis. *See Holland v. Florida*, __U.S.__, 130 S. Ct. 2549, 2563 (2010). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence.

> *Holland*, 130 S. Ct. at 2565.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.  *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784.  Extraordinary circumstances may be found where (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).  Petitioner can attempt to show that he is entitled to statutory and/or equitable tolling thereby making the instant habeas petition timely in his response to the order to show cause.

## IV.    CONCLUSION

Because the court finds that the instant habeas petition may be subject to dismissal due to its untimeliness, the Court will order petitioner to show cause why his petition should not be dismissed as untimely.  An appropriate order follows.


DATED: May 20, 2013                               /s/ Joel A. Pisano
                                                  JOEL A. PISANO, U.S.D.J.

6