# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

NELSON GARCIA,                 :
                                  :     Civ. No. 12-7680 (JAP)
             Petitioner,       :
                                    :
     v.                              :     **OPINION**
                                    :
CHARLES WARREN, et al.,      :
                                    :
           Respondents.     :
_____ :

## JOEL A. PISANO, U.S.D.J.

### I.     INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his 1998 conviction for first degree murder and third degree possession of a weapon for an unlawful purpose. He was sentenced to life imprisonment with thirty years of parole ineligibility. For the reasons that follow, the petition will be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).[1]

### II.     BACKGROUND

Petitioner was sentenced in the Superior Court of New Jersey, Ocean County, on December 18, 1998. (*See* Pet. at p. 2.) The Superior Court of New Jersey, Appellate Division affirmed the conviction on May 30, 2002. (*See id.* at p. 2-3.) The petition for certification to the New Jersey Supreme Court was denied on September 25, 2002. *See New Jersey v. Garcia*, ("*Garcia I*"), 174 N.J. 366, 807 A.2d 197 (2002). Petitioner does not indicate that he filed a petition for writ of certiorari to the United States Supreme Court on his direct appeal.

_____

[1] While the statute of limitations is an affirmative defense, *see Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), a district court is permitted to consider the issue *sua sponte*, but must accord petitioner fair notice and an opportunity to present his position on the time bar if the record shows that the petition is untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006).

On June 21, 2005, petitioner filed a post-conviction relief petition in the New Jersey Superior Court. *See State v. Garcia*, ("*Garcia II*"), 2011 WL 691849, at *2 (N.J. Super. Ct. App. Div. Mar. 1, 2011) (per curiam).[2]  The Superior Court denied relief on June 27, 2005, due to untimeliness. *See id*. Petitioner then appealed his post-conviction relief petition to the Appellate Division. *See id.* The Appellate Division remanded the matter back to the Superior Court "for reconsideration of the petition after the assignment of counsel[.]" *Id.* Thereafter, on March 7, 2008, the Superior Court again denied the post-conviction relief petition. (*See* Pet. at p. 5.) On March 1, 2011, the Appellate Division affirmed the denial. *See Garcia II*, 2011 WL 691849, at *4. Petitioner's petition for certification to the New Jersey Supreme Court was denied on September 9, 2011. *See State v. Garcia*, ("*Garcia III*") 208 N.J. 337, 27 A.2d 950 (2011).

Petitioner filed the instant federal habeas petition on November 27, 2012.[3]  After being advised of his rights pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), petitioner indicated that he wanted his petition to be ruled on as filed. (*See* Dkt. No. 3.) On May 20, 2013, the Court issued an opinion and ordered petitioner to show cause why his petition should not be

---

[2] The Court takes judicial notice of the dates of petitioner's state court filings as stated by the Appellate Division in *Garcia II*. *See Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 413 (3d Cir. 1999) (taking judicial notice of a judicial opinion as a matter of public record and as a document on which plaintiff relies on in the complaint). Petitioner was given an opportunity to contest these dates in response to the order to show cause but has not done so.

[3] Pursuant to the prisoner "mailbox rule," petitioner's habeas petition is deemed filed on the date he delivered it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). When a court is unable to determine the exact date that a prisoner handed his petition to a prison official for mailing, it will look to the signed and dated certification of the petition. *See Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for mailing); *Maples v. Warren*, No. 12-933, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). In this case, petitioner signed and dated his petition on November 27, 2012.

dismissed due to untimeliness.  (*See* Dkt. Nos. 4 & 5.)  Petitioner filed a response to the order to show cause.  (*See* Dkt. No. 6.)

### III.    ANALYSIS

The statute of limitations period for the instant § 2254 petition is set forth in 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to this applicable statute of limitations, evaluating the timeliness of the instant petition first requires a determination of when petitioner's state court judgment became final.  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (noting that state supreme court's decision became final after ninety days because the time for seeking certiorari expired).

The statute of limitations is statutorily tolled during the time in which properly filed state post-conviction relief petition is pending.  *See* 28 U.S.C. § 2244(d)(2).  The Third Circuit has explained that:

> A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*,

> 531 U.S. 4, 8 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).   Thus, if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226.   But if a state court fails to rule clearly on the timeliness of an application, a federal court "must . . . determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006).

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85-86 (3d Cir. 2013).  Furthermore, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, petitioner's state court judgment became final on December 24, 2002, or ninety days after the New Jersey Supreme Court denied certification on direct appeal. Accordingly, unless the statute of limitations is tolled, the applicable statute of limitations expired a year later, on December 24, 2003.

Petitioner did not file a post-conviction relief petition until June of 2005, well after the statute of limitations expired in December 2003.   Thus, statutorily tolling does not make the instant federal habeas petition timely.  *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

While statutory tolling does not save the petition, petitioner may also be able to overcome the time bar if he can show a basis for equitable tolling.   The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the

4

burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89.  "There are no bright lines in determining whether equitable tolling is warranted in a given case."  *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011), *cert. denied*, *Kerestes v. Pabon*, - U.S. -, 132 S. Ct. 2430 (2012).  In determining whether equitable tolling is appropriate, "the particular circumstances of each petitioner must be taken into account," *id.*, and each decision made a case-by-case basis.  *See Holland v. Florida*, - U.S. -, 130 S. Ct. 2549, 2563 (2010).  The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine."  *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S. Ct. at 2565.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.  *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784.  Extraordinary circumstances may be found where:  (1) the petitioner has been actively mislead; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum.  *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159

(3d Cir. 1999)).   However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."   *Id.* (citations omitted).

In response to the order to show cause, petitioner asserts that he is entitled to equitable tolling due to the ineffective assistance of counsel during his post-conviction relief proceedings. Petitioner does not specifically state the reasons why his post-conviction relief counsel was ineffective.   Instead, he argues that he has "met the burden and the standard articulated in *Martinez* [*v. Ryan*, - U.S. -, 132 S. Ct. 1309 (2012)]."   (*See* Dkt. No. 6 at p. 5.)   In *Martinez*, the Supreme Court addressed the question of "whether ineffective assistance [of counsel] in an initial review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding."   *Id.* at 1315.   In answering that question, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

The Supreme Court in *Martinez* did not address whether ineffective assistance of post-conviction relief counsel applies to the issue of equitable tolling of the one-year statute of limitation period in § 2244(d).   *See Silfies v. Walsh*, No. 02-1777, 2013 WL 3049096, at *3 (M.D. Pa. June 17, 2013) ("*Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition.") (citations omitted); *Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *6 (E.D. Pa. Feb. 13, 2013) ("The Supreme Court

6

does not state in *Martinez* that a blanket allegation of ineffectiveness of PCRA counsel can constitute a basis for equitable tolling of the habeas statute of limitations.  The *Martinez* decision did not allow for equitable tolling of the AEDPA deadlines.") (citations omitted), *report and recommendation adopted by*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Terry v. Cathel*, No. 12-5263, 2012 WL 4504590, at *4 (D.N.J. Sept. 27, 2012) ("No aspect of the *Martinez* decision implicated, addressed or even reflected on the issue of untimeliness of the litigant's federal habeas petition."); *see also Scaife v. Falk*, No. 12-2530, 2013 WL 1444236, at *5 (D. Colo. Apr. 9, 2013) ("[A]lthough *Martinez* might be relevant if Mr. Scaife were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in *Martinez* demonstrates the existence of any extraordinary circumstances to justify equitable tolling of the one-year limitation period.").  Petitioner's general and vague allegations of ineffective assistance of post-conviction relief counsel, along with his reliance on *Martinez*, do not show that some extraordinary circumstance stood in petitioner's way preventing him from timely filing the instant federal habeas petition.  *Accord Silfies*, 2013 WL 3049096, at *3 (finding that *Martinez* does not support a finding of extraordinary circumstances to warrant equitable tolling); *Saunders*, 2013 WL 943351, at *6 ("*Martinez* does not excuse [p]etitioner's failure to seek federal review of his claims in a timely fashion."); *Scaife*, 2013 WL 1444236, at *5 ("Although Mr. Scaife appears to argue that equitable tolling is appropriate under *Martinez*, he fails to explain how *Martinez* allows for equitable tolling or is applicable to any ineffective assistance of post-conviction counsel he may be attempting to allege.  Therefore, the Court finds that Mr. Scaife fails to allege facts that demonstrate equitable tolling of the one-year limitation period is appropriate in this action.").  Petitioner has not made a sufficient showing to warrant equitably tolling the applicable statute of limitations.

Additionally, even if this Court were to equitably toll the statute of limitations until petitioner's post-conviction relief proceedings ended, the instant federal habeas petition would still be untimely.  As previously stated, the New Jersey Supreme Court denied petitioner's petition for certification on his post-conviction relief petition on September 9, 2011.  *See Garcia III*, 208 N.J. 337, 27 A.2d 950.  Petitioner does not indicate that he filed a petition for writ of certiorari to the United States Supreme Court on his post-conviction relief petition after the denial of certification by the New Jersey Supreme Court.  The ninety-day period that petitioner had to file such a petition for writ of certiorari on the denial of his post-conviction relief petition does not toll the applicable statute of limitations for filing his federal habeas petition.  *See Stokes*, 247 F.3d at 542.  Accordingly, even if the Court were to equitably toll the statute of limitations throughout petitioner's post-conviction relief proceedings due to the ineffectiveness of his post-conviction relief counsel, the instant petition would still be untimely.  Petitioner's post-conviction relief proceedings ended on September 9, 2011, yet petitioner did not file the instant federal habeas petition until more than one-year after that date, on November 27, 2012.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003).  Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V.      CONCLUSION

The instant habeas petition will be summarily dismissed due to untimeliness.   A certificate of appealability shall not issue.  An appropriate order will be entered.


DATED: June 25, 2013                                    /s/ Joel A. Pisano
                                                        JOEL A. PISANO, U.S.D.J.