UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON GARCIA, | : |
| Petitioner, | : Civ. No. 12-7680 (JAP) |
| v. | : **OPINION** |
| CHARLES WARREN, et al., | : |
| Respondents. | : |

**JOEL A. PISANO, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently before the Court is Petitioner's motion filed pursuant to Federal Rule of Civil Procedure 60(b).  (Dkt. No. 9.)  The Clerk will be ordered to reopen this matter so that the Court may rule on the motion.  For the following reasons, Petitioner's motion for relief from judgment will be denied.

## II. BACKGROUND

Petitioner brought this petition challenging his 1998 conviction for first degree murder and third degree possession of a weapon for an unlawful purpose.  He was sentenced to life imprisonment with thirty years of parole ineligibility.  Petitioner's state court post-conviction relief petition had been denied as untimely.  After Petitioner filed his petition with this Court, the Court issued an opinion and order directing Petitioner to show cause why his petition should not be dismissed as time-barred.  (Dkt. Nos. 4 & 5.)  After reviewing Petitioner's response (Dkt. No. 6), the petition was dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).  (Dkt. Nos. 7 & 8.)

Petitioner now files his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) raising arguments related to issues decided in the dismissal opinion.

### III. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken.'" *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

With respect to some of the individual provisions of Rule 60(b), "[r]ule 60(b)(5) may

2

not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). The moving party bears the burden of establishing that changed circumstances exist. *See id.*

Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such circumstances rarely occur in the habeas context." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

For the purposes of this Opinion, the Court will assume, without deciding, that petitioner filed his Rule 60(b) motion within a "reasonable time."

In his motion, Petitioner suggests that this Court reconsider its decision to dismiss his habeas petition by arguing that the decision issued by the Supreme Court of the United States in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), created a new rule of constitutional law that is retroactively applicable. Petitioner is misguided in that assertion, because the *Martinez* case does not hold for the implication that Petitioner is suggesting here. (*See* Dkt. No. 7, pgs. 6-7.)

Furthermore, Petitioner does not address in his motion this Court's further holding that, even if the Court were to equitably toll the statute of limitations until after his PCR proceedings were complete, the petition would still be untimely since the PCR proceedings ended on September 9, 2011, yet petitioner allowed more than a year to elapse after that date before filing his federal habeas petition on November 27, 2012.

Petitioner has not shown the extraordinary and special circumstances necessary to obtain relief under Rule 60(b)(6). *See Pridgen*, 380 F.3d at 728. As stated in this Court's earlier Opinion, the petition is time-barred. Petitioner presents no facts or arguments to support equitable tolling such that the expiration of the limitations period did not run before filing with this Court. Accordingly, Petitioner's motion for relief from judgment pursuant to Rule 60(b) will be denied.

## IV. CERTIFICATE OF APPEALABILITY

To appeal an order disposing of petitioner's Rule 60(b) motion, a certificate of appealability must issue. *See Hickman v. Cameron*, No. 13-1917, 2013 WL 3802394, at *1 (3d Cir. July 23, 2013) (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); 28 U.S.C. § 2253(c)(2)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgment will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

/s/ Joel A. Pisano  
JOEL A. PISANO  
United States District Judge

DATED: March 13, 2014